UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES A. ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08cv495 AS |
| | ) | |
| SUPERINTENDENT, Miami | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

*MEMORANDUM, OPINION, AND ORDER*

On or about October 27, 2008, *pro se* petitioner, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on April 21, 2009, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding designated as MCF 08-07-0129, and was convicted for unauthorized possession of a controlled substance. He was sanctioned for a credit class demotion from Class I to Class III, and also was committed to three months in disciplinary segregation and reprimanded not to possess marijuana. The petitioner has exhausted available administrative remedies.

The focus here is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). It is evident that close attention was given to the intentions of this petitioner. There is a focus on his request regarding evidence. The principle regarding exhaustion of available state remedies remains alive and well. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

This petitioner was given the opportunity to call witnesses and present evidence under *Wolff v. McDonnell*, 418 U.S. 539 (1974). These rights are not absolute. *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). This court is mandated to greatly indulge *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519 (1972). *See also McNeil v. United States*, 508 U.S. 106 (1993), *Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989), and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).

The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 12, 2009

      /s/ Allen Sharp
      **ALLEN SHARP, JUDGE**
      **UNITED STATES DISTRICT COURT**